HENRY F. McLAUGHLIN *versus* CHARLES M. DOANE.

A new trial will not be granted on the ground of newly discovered evidence, when such evidence is cumulative, and due diligence would have enabled the party to discover the evidence before the trial.

ON MOTION to set aside the verdict as being against the weight of evidence, and for a new trial on the ground of newly discovered evidence, the latter of which motions was filed the next day after the verdict was rendered.

The facts sufficiently appear in the opinion.

*Plaisted & Clark*, for the defendant.

*McCrillis & Flagg*, for the plaintiff.

WALTON, J. — Plaintiff and defendant visited a public exhibition of fire-works on the evening of the 4th of July; plaintiff with a buggy and one horse, — defendant with a gigger and two horses. The defendant's horses took fright at the fire-works and run against the plaintiff's buggy, upset it, and broke it badly.

The principal question at the trial was whether the defendant's driver, at the time the horses took fright, did or did not have hold of the reins. The evidence was conflict-

ing, the plaintiff and his witnesses swearing that he did not, and the defendant's driver, and several other witnesses swearing that he did.

The jury returned a verdict for the plaintiff. The defendant moves to have it set aside as against evidence. He also moves for a new trial on the ground of newly discovered evidence.

The newly discovered evidence consists of the testimony of a witness who says he was present at the time of the accident, and his statements tend strongly to corroborate the testimony of the driver that, at the time the horses took fright, he had hold of the reins, and did all he could to prevent running against the plaintiff's carriage.

This evidence is only cumulative, and came to light so soon after the verdict, and the witness being a resident of the same town with the defendant, that we cannot resist the conviction that due dilligence on his part would have enabled the defendant to discover the evidence before the trial. This controversy arose four years ago, and it is a sad commentary on our system of administering justice that it is not yet settled. If we should grant a new trial for newly discovered evidence every time one of the numerous witnesses that probably saw this accident chooses to inform the litigants of what he knows, there is strong reason to believe the case would outlive the parties, and descend as inheritance to their heirs. We think a new trial should not be granted on the ground of newly discovered evidence.

Nor are we satisfied that the verdict is so clearly against the weight of evidence as to require us to set it aside on that ground. Looking at the evidence as reported, aided by the thirty-eight closely written manuscript pages of argument by the defendant's counsel, it does seem to us as if the jury would have been justified in returning a verdict for the defendant. But the jury had the advantage of seeing the witnesses, and observing their manner of testifying, and could better judge therefore what weight should be

given to their statements than we can. There are no questions of law in the case. *Motion overruled.*

*Judgment on the verdict.*

APPLETON, C. J., KENT, BARROWS and DANFORTH, JJ., concurred.